FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 30, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| TREVOR SNEVA, an individual,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JP MORGAN CHASE BANK, N.A., a national bank; and DOES 1–10,<br><br>　　　　Defendants. | No. 2:23-CV-00060-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT; AND DISMISSING DOE DEFENDANTS** |

　　　Before the Court is Defendant JP Morgan Chase Bank N.A.'s Motion to Dismiss, ECF No. 10. Plaintiff is represented by Kirk D. Miller. Defendant is represented by John S. Devlin, III and Katie Bass. The motion was considered without oral argument.

　　　Plaintiff failed to state a claim upon which relief can be granted. However, the Court finds that amendment of the Complaint is not futile. Pursuant to the liberal standard for amendments, Plaintiff is granted leave to file an amended complaint.

//

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS . . . *1**

## Complaint

The following derives from Plaintiff's operative Complaint, ECF No. 7. Plaintiff resides in Spokane County, Washington and is an account holder and customer of Defendant. On December 19, 2022, Plaintiff received a text message appearing to be from Defendant, which indicated someone was attempting to withdraw or transfer funds from his bank account. Someone claiming to represent Defendant then called Plaintiff and asked for information regarding his bank account. Plaintiff refused to provide the information. However, $27,800.33 was withdrawn from his bank account through three separate transactions that took place in Florida.

Plaintiff contacted Defendant after discovering the transactions and Defendant opened a fraud investigation. Defendant informed Plaintiff that they believed he was part of the fraud and had intentionally given his bank information to cheat the bank. Plaintiff claims there was no evidence he was involved in the fraudulent activity, and he did not authorize the payments. Plaintiff states that Defendant outsourced the investigation and ultimately determined that Plaintiff was responsible for the charges to his bank account.

Plaintiff claims Defendant unlawfully permitted the fraudulent withdrawals, and any reasonable procedure to prevent fraudulent money transfer would have flagged the transfers and prevented them from completing. Plaintiff alleges Defendant did not contact him in any way prior to allowing the transfers, and Defendant still fails to maintain adequate procedures to address fraudulent activity and perform investigatory duties. He asserts that Defendant willfully and negligently refused to properly investigate his claim, and Defendant's conclusion that Plaintiff was responsible for the charges was false, reckless, and defamatory.

Plaintiff presents four causes of action for (1) violations of the Washington Uniform Commercial Code ("UCC"), (2) negligence, (3) unjust enrichment, and (4) violations of the Washington Consumer Protection Act ("CPA").

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS . . . *2**

### Legal Standard

A complaint must contain "a short and plaint statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Federal Rule of Civil Procedure 12(b)(6) allows a party to move for dismissal if the plaintiff has failed to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Dismissal under this rule is only proper if there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). When considering a Rule 12(b)(6) motion, the court accepts the allegations in the complaint as true and construes the pleading in the light most favorable to the party opposing the motion. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). However, this does not require the Court "to accept as true legal conclusions couched as factual allegations." *Parents for Privacy v. Barr*, 949 F.3d 1210, 1221 (9th Cir. 2020).

The plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The allegations must be enough to raise the right to relief above a speculative level. *Twombly*, 550 U.S. at 555. It is not enough that a claim for relief be merely "possible" or "conceivable"; instead, it must be "plausible on its face." *Id*. at 556.

### Discussion

Defendant argues Plaintiff failed to state a claim for violations of the UCC and CPA, negligence, and unjust enrichment. Defendant contends the case should be dismissed because, among other things, Plaintiff did not (1) specify which provisions of the UCC it violated, (2) did not allege that Defendant owed a duty to Plaintiff, (3) did not allege that Plaintiff conferred a benefit on Defendant, and (4)

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS . . . *3**

did not claim Defendant's conduct had the capacity to injure others. In his response brief, Plaintiff provides further specifications of his legal claims and factual allegations.

In this case, Plaintiff failed to state a claim upon which relief can be granted. The factual and legal allegations presented in Plaintiff's response brief are not found in the operative Complaint. However, the Court concludes amendment of the complaint is not futile. Thus, the Court grants Plaintiff leave to file an amended complaint curing the deficiencies noted in Defendant's motion.

Moreover, Plaintiff has named Does 1-10 as Defendants in the above-captioned matter. Barring unusual circumstances, "Doe pleading" is not permitted in the Ninth Circuit. *Craig v. United States*, 413 F.2d 854, 856 (9th Cir. 1969; *see also* General Orders 84-37, 13-37-1. Here, Plaintiff has not alleged any unusual circumstances to justify the use of Doe pleading. Thus, the Court dismisses Defendants Does 1-10 from the case.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS . . . *4**

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant JP Morgan Chase Bank N.A.'s Motion to Dismiss, ECF No. 10, is **GRANTED**.

2. Plaintiff is granted leave to file an amended complaint on or before **October 13, 2023**.

3. Defendant Does 1-10 are **DISMISSED** without prejudice.

4. The Court directs the District Court Clerk to **terminate** Defendant Does 1–10 from the above-captioned matter.

**IT IS SO ORDERED**. The Clerk of Court is hereby directed to file this Order and provide copies to counsel.

**DATED** this 30th day of August 2023.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS . . . *5**